# IN THE SUPREME COURT OF THE STATE OF NEVADA

EDUARDO ANDRES SIERRA,
Appellant,
vs.
CAROLINA SOLARI,
Respondent.

No. 80228

FILED

JUN 2 4 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
CHIEF DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is a pro se appeal from a district court order modifying child custody and support.[1] Eighth Judicial District Court, Clark County; Rhonda Kay Forsberg, Judge.

Appellant argues the district court abused its discretion by awarding respondent primary legal custody concerning the child's education and therapy. The district court's findings that appellant failed to consider the child's best interest and prioritized his own interests in controlling the situation over the child's interest, in regard to these two issues, is supported by substantial evidence. *Ogawa v. Ogawa*, 125 Nev. 660, 668, 221 P.3d 699, 704 (2009) (providing that this court reviews a district court's factual findings for an abuse of discretion and will not set aside those findings unless they are clearly erroneous or not supported by substantial evidence); *Cuzze v. Univ. & Cmty. Coll. Sys. of Nev.*, 123 Nev.

---

[1]Pursuant to NRAP 34(f)(3), we have determined that oral argument is not warranted in this appeal.

20-23370

598, 603, 172 P.3d 131, 135 (2007) (explaining that appellant is responsible for making an adequate appellate record, and when "appellant fails to include necessary documentation in the record, we necessarily presume that the missing portion supports the district court's decision."). Additionally, the district court found that appellant was not credible, and we will not reassess a witness's credibility. *Ellis v. Carucci*, 123 Nev. 145, 152, 161 P.3d 239, 244 (2007) (providing that it is not within this court's purview to weigh conflicting evidence or assess witness credibility). Further, before modifying legal custody, the district court considered the best interest factors outlined in NRS 125C.0035(4). Thus, we conclude the district court did not abuse its discretion in modifying legal custody. *Wallace v. Wallace*, 112 Nev. 1015, 1019, 922 P.2d 541, 543 (1996) (providing that this court reviews a child custody decision for an abuse of discretion).

Appellant also contends the district court abused its discretion in setting child support at zero when under the statutory formula respondent would be required to pay appellant $205.52 monthly. In adjusting respondent's child support obligation, the district court concluded the "other necessary expenses for the benefit of the child" that respondent was solely incurring warranted the downward deviation. *See* NRS 125B.080 (providing the district court must consider certain guidelines when changing the amount of a child support obligation); NAC 425.150(1)(g) (permitting the district court to consider the other necessary expenses of the child when deviating from the statutory child support obligation). Thus, we conclude the district court did not abuse its discretion in setting respondent's child support obligation at zero. *Wallace*, 112 Nev. at 1019,

922 P.2d at 543 (explaining that this court reviews a child support order for an abuse of discretion). Accordingly, we

ORDER the judgment of the district court AFFIRMED.[2]

_____, J.
Parraguirre

_____, J.
Hardesty

_____, J.
Cadish

cc:    Hon. Rhonda Kay Forsberg, District Judge
Eduardo Andres Sierra
Warren G. Freeman
Eighth District Court Clerk

---

[2]To the extent appellant's additional arguments are not addressed herein, we conclude they do not warrant other relief.